UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| STEPHEN V. WOLFF, | |
| Petitioner | |
| v. | Civ. No. 98-1880(PG) |
|  | (Cr. No. 94-326(PG)) |
| UNITED STATES OF AMERICA, | |
| Respondent | |

## OPINION AND ORDER

The matter before the Court is petitioner Stephen V. Wolff's Motion Requesting Issuance of Certificate of Appealability (Docket #16). Petitioner wishes to appeal the denial of his 28 U.S.C. § 2255.

Under the Antiterrorism and Effective Death Penalty Act of 1996, district court judges have the authority to issue certificates of appealability (COA) under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). <u>Grant-Chase v. Commissioner, New Hampshire Dept. of Corrections</u>, 145 F.3d 431 (1st Cir.), <u>cert. denied</u>, 119 S.Ct. 361 (1998). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), <u>i.e.</u>, showing "that the issues are debatable among jurists of reason, that a court could

AO 72A
(Rev.8/82)

Civ. No. 98-1880(PG)                                                                 2.

resolve the issues in a different manner, or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 892, 893 n.4 (1983) (citations omitted); see also United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

Wolff requests the Court to issue a COA on two issues involving ineffective assistance of counsel claims: whether petitioner's trial counsel was ineffective in failing to more vigorously pursue the acceptance of responsibility reduction and whether he was ineffective in failing to explain petitioner's affirmative answer to the question whether any predictions had been made as to sentencing guidelines calculations. Wolff claims that but for counsel's ineffectiveness he could have received the acceptance reduction, and had he known the government's promises were not trustworthy, he would have insisted on going to trial.

Under the well-established test of Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant must show both that (1) his counsel's performance fell below an objective standard or reasonableness, and (2) that but for such ineffectiveness the result of the proceedings

Civ. No. 98-1880(PG)                                                    3.

would have been different. As to the first issue, Wolff fails to meet even the first prong of this test. Wolff's attorney did argue for downward departure in a presentence motion and at the sentencing hearing. The transcript of the sentencing hearing demonstrates that the Court did consider the argument and rejected the same.

The second issue raised by petitioner fails because he has failed to establish a reasonable probability that, but for his attorney's error, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). The change of plea hearing transcript reveals that the Court did advise Wolff that the sentencing predictions were not binding on the Court, that the Court could independently decide on an appropriate sentence and that petitioner was bound by his guilty plea even if the Court's sentence differed from the parties' predictions. Asked if he understood, Wolff replied that he did. Furthermore, the transcript of the sentencing hearing shows that petitioner agreed that he was not promised anything for his plea agreement.

Wolff's motion fails to meet the COA's standard for he has not made a substantial showing of the denial of his

Civ. No. 98-1880(PG) 4.

Sixth Amendment right to effective assistance of counsel, 28 U.S.C. § 2253(C)(2). Therefore, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C.A. § 2253(C)(1)(2); Fed. R. App. P. 22(b).

For the foregoing reasons, the Court **DENIES** Wolff's Motion Requesting Issuance of Certificate of Appealability (Docket #16).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 22, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

sk: ausa
cca

AO 72A
(Rev.8/82)

(1)